[Civ. No. 31293.   Second Dist., Div. One.   Jan. 22, 1968.]

J. R. PIERCE, Plaintiff and Appellant, v. SIGMUND ARYWITZ, as Labor Commissioner, etc., Defendant and Respondent.

Edmond Gattone for Plaintiff and Appellant.

Marilyn Shinderman, Gerald Friedman, Arthur Stahl and Lelia H. Jabin for Defendant and Respondent.

WOOD, P. J.—Plaintiff, as owner of an employment agency, commenced this action for declaratory relief on behalf of himself and employment agencies similarly situated with respect to the issues herein. Plaintiff sought a declaration that certain regulations issued by the defendant Labor Commissioner are invalid. The regulations so referred to are to the effect that the contract receipt which is given to an applicant by an employment agency must state the amount of the agency's fee ''in dollars,'' as distinguished from stating a percentage of the wages or by referring to a schedule of fees. Plaintiff appeals from the judgment in favor of the defendant.

One of the duties of the Labor Commissioner is to license and regulate employment agencies. When an applicant for employment seeks the services of an employment agency, the general practice is that the applicant and agency enter into a written pre-employment contract, whereby the applicant appoints the agency to assist him in securing employment and agrees to pay the agency for its services a fee computed upon a stated schedule of varying percentages of graduated amounts of compensation. It is not a legal requirement that a pre-employment contract be made. It is required, however, by section 1624 of the Labor Code that before an agency sends an applicant (from whom a fee is to be received) to a prospective employer for interview regarding a position, the agency must give to the applicant a contract or receipt in which is stated certain information regarding the applicant and the prospective employer, including information regarding the kind of work, and conditions and hours of employment. Some of the items of information required by section 1624 of the Labor Code to be included in the contract receipt or referral receipt are: Names of the agency, the applicant, and the prospective employer. ''The amount of fee charged and collected from the applicant, the amount of fee, paid or advanced by the prospective employer and the cost of transportation and by whom

paid or advanced.'' Kind of work and general conditions of employment. Daily hours of work, the wages or salary including any privilege, and whether board or lodging is to be furnished. Whether employment is temporary or permanent. Any other term, condition, or understanding agreed upon between the age_cy and applicant.

The blank forms of contract receipt or referral receipt must be uniform and approved by the Labor Commissioner. (Lab. Code, § 1628.) The commissioner's approved form of such a receipt is set forth in the Administrative Code, title 8, section 11899. Said section 11899 states, in part: ''This form represents the minimum requirements [of the referral receipt].'' The form of receipt states, in part: ''Total Amount of Fee $_____,'' and ''In consideration of the sum of_____ Dollars to be paid by_____, _____Dollars of which is hereby acknowledged as received, we agree to furnish correct information by which he or she shall be enabled to SECURE EMPLOYMENT as_____with_____located at_____.''

In February 1960 the commissioner received information that some of the employment agencies were violating section 1624 of the Labor Code and section 11899 of the Administrative Code (tit. 8) in that they were not stating in the contract receipt (or referral receipt) the amount of the agency's fee in dollars.

On March 1, 1960, the commissioner sent to all employment agencies a letter which stated, in part, as follows:

''Administrative Code Section 11899 and Labor Code Section 1624 provide for a mandatory form of Contract Receipt which is required to be completed and signed before an applicant is referred to a job. . . . In addition to the name and address of the employer, it is required that the Contract Receipt show the amount of wages to be paid and the amount of the fee to the Agency. Administrative Code Section 11899 provides that the Contract Receipt show the amount of the fee in dollars. Insertion of a percentage or reference to a fee schedule is not adequate to meet the requirements of the Code. Your attention is directed to the fact that it is a violation of law to accept a job order and to refer an applicant to a job where the Order Form and Contract Receipt do not include all of the information required by the Code.''

About two days after the letter was sent, representatives of some of the agencies requested permission to have a meeting with the commissioner in order to discuss the letter. Pursuant to the request a meeting was held on March 7, 1960, whereat

the representatives said that they had a practical problem in the matter of stating the amount of the fee in dollars. Their problem was to the effect that the requirement that the fee be stated in dollars instead of a percentage of salary would result in the agencies' being unable to recover the full amount of their fee in situations where the amount of salary, finally agreed upon between the applicant and employer, exceeded the amount which the employer represented initially that he would pay. Their problem is illustrated, in part, by assuming a situation where the agency's fee, under the pre-employment contract, was to be 50 percent of the first month's salary, which salary the prospective employer had represented initially would be $400; and the agency, in issuing its contract receipt, at the time of sending the applicant for an interview, stated therein its fee in dollars (i.e., $200) ; and thereafter, at the interview, the applicant was employed at a salary of $500 a month. Under such a situation, the agency would be unable to recover 50 percent of the amount in excess of $400.

The commissioner, in replying to the agency representatives at that meeting said that section 1624 of the Labor Code and section 11899 of the Administrative Code required that the agency's fee be shown in dollars; that the form of receipt set forth in said section of the Administrative Code includes the words "In consideration of the sum of [_____] Dollars"; and that the Labor Code and Administrative Code placed upon the commissioner the duty to protect the job seeker. He stated further, in substance, that he had a formula which he thought would meet their practical problem and still meet the requirement of the codes that the fee be shown in dollars.' He said that if the agency had a reasonable basis for believing that the applicant might obtain a salary higher than the one the employer represented initially, the agency might state in the contract receipt the agency's maximum fee in dollars based upon its reasonable estimate of the salary the applicant might obtain, provided that the agency would insert in the contract receipt the following words: "or_____per cent of the first month's salary, whichever is less."

On March 15, 1960, the commissioner sent to all employment agencies a letter which stated, in part, as follows: "Some questions have arisen from our letter of March 1, 1960 with respect to the proper showing of the fee in dollars when completing the contract-receipt form. The fee shown must be the largest sum to be collected by the agency under the certified fee schedule. It is subject to revision downward should

subsequent facts indicate a lower rate should be applied. To provide for this contingency, the agency may insert after the fee in dollars the words, ''or_____% of the first month's wages, whichever is less.' ''

There was testimony on behalf of the commissioner to the following effect: Prior to March 1960, deputy labor commissioners, who conducted hearings regarding controversies between employees and employment agencies as to fees, said that there seemed to be a pattern of problems arising from statements in the contract receipts as to fees to be paid to the agencies. Schedules of agencies' fees on file in the office of the commissioner, and contract receipts referred to in the hearings, indicated that fees were being collected on a percentage basis and sometimes on an escalator type of percentage (such as increasing the first-stated percentage to the extent of 10 percentage points for each month the employee failed to pay the fee, that is, by increasing from a first-stated 50 percent to 60, 70, or 80 percent). The deputy commissioners were having difficulties in resolving the controversies because the employees evidenced a misunderstanding as to the actual amount of money that was to be paid as a fee under the agencies' schedules of varying percentages of graduated amounts of compensation. Most of the persons who are served by employment agencies (according to testimony of a deputy commissioner) are in the lower middle financial group of workers—most of them do not understand percentage computations and cannot translate a percentage of a wage into an amount in dollars. Approximately 500,000 persons used the services of employment agencies in 1962. Most of the applicants who obtain employment do not receive more compensation than the amount originally offered by the prospective employer as set out in the contract receipt—that for each person who receives more than that amount there are 99 persons who do not receive more.

The judgment of the trial court was that the letter of March 1, 1960, circulated by the commissioner is valid, and that regulation therein is valid; that the regulation in section 11899 of the Administrative Code is valid and requires that the amount of fee in dollars be set forth on every contract receipt given to the job applicant; that the Labor Commissioner has acted reasonably and not capriciously or arbitrarily in requiring full compliance by all employment agencies with the provisions of section 1624 of the Labor Code and section 11899 of the Administrative Code; that the plaintiff has a

right to a fee "computed upon the basis of the rate of wages agreed upon between the employer and the applicant" but never to exceed the dollar amount specified in the "contract receipt" given to the job applicant; that the plaintiff may, on any contract receipt, after the statement of the fee in dollars, add the following words: "or_____% of the first month's wages, whichever is less."

Appellant refers to the commissioner's letters of March 1 and 15, 1960, as directives, and he asserts that the directives are unreasonable and arbitrary; that section 11899 of the Administrative Code, as applied by the commissioner, is also unreasonable and arbitrary; that the commissioner, by his letter-directives and his erroneous application of section 11899 of the Administrative Code, had unlawfully invaded the legislative province, and without authority he has purported to regulate the agencies' fees; and that the directives are invalid on the additional ground that the commissioner, in adopting them, failed to comply with the Administrative Procedure Act.

It is conceded by both parties that no statute limits or regulates the amount of the fee an employment agency may charge. An agency is required to file a schedule of its fees with the commissioner (Lab. Code, § 1631), and to post a schedule of its fees in each room of the agency frequented by applicants for employment, and no fee charged or collected shall be in excess of the fee as scheduled (Lab. Code, § 1632). In the present case the plaintiff has filed and posted its schedule of fees as required by said sections. The schedule states the fee as a designated percentage of the amount of wages or salary to be received, and the percentage is on a graduating or sliding scale of percentages dependent upon the amount of wages or salary.

Section 1624 of the Labor Code provides, in part: "Every employment agency shall give to every applicant for employment from whom a fee is to be received a contract or receipt, in which is stated: (a) . . . . (e) The amount of fee charged and collected from the applicant, the amount of fee, paid or advanced by the prospective employer and the cost of transportation and by whom paid or advanced." It thus appears that the Labor Code requires the agency, in addition to filing and posting its schedule of fees (which may be shown in varying percentages), to give to an applicant, who is to pay a fee, a contract or receipt which states the amount of the fee charged and collected.

Section 11899, in title 8, of the Administrative Code (relating to Employment Agencies), sets forth an approved form of such contract or receipt referred to in the Labor Code. The first sentence of that section states: "This form represents the minimum requirements." In the upper right-hand corner of the form, a part of the form is as follows: "Total Amount of Fee $_____". The first paragraph in the body of the form is as follows: "In consideration of the sum of_____Dollars to be paid by_____, _____Dollars of which is hereby acknowledged as received, we agree to furnish correct information by which he or she shall be enabled to SECURE EMPLOYMENT as_____with_____located at_____." It thus appears that section 11899 of the Administrative Code requires that the contract or receipt, given to the applicant, must state the agency's fee in dollars. The section has been in effect at least since 1949.

Appellant argues that there are two ways that an agency may transact business with an applicant, namely: (1) The agency may charge and collect a cash fee at the time it sends the applicant to the prospective employer; however, if the applicant fails to obtain employment, the agency must refund the fee. (2) The agency may predicate its fee on a contingent basis, i.e., no fee becomes due unless the applicant is hired, and then the amount of the fee will be an agreed percentage of the hiring salary.

With respect to the first method, above mentioned, the appellant refers to the portion of section 1624 of the Labor Code which states that the contract receipt should state "The amount of fee charged and collected . . . ," and argues to the effect that since that portion is written in the past tense, the agency simply shows on the contract receipt the amount of the fee it has "charged and collected."

With respect to the second method above mentioned, i.e., doing business on a contingent percentage basis, the appellant argues to the effect that the agency, at the time it sends the applicant to the employer, has not as yet "charged and collected" a fee, and therefore it could literally comply with the above-quoted portion of section 1624 by stating on the contract receipt that no fee had been charged and collected. Appellant states further, however, that by virtue of subdivision (i) of that section, which requires a showing on the receipt of "any other term, condition, or understanding," the agency must show that its fee is a stipulated percentage of the hiring salary.

Appellant argues further that the letter-directives of the commissioner, and the section 11899 of the Administrative Code as applied by the commissioner, are unreasonable and arbitrary in that they limit the agency's maximum fee to an estimated dollar-amount shown on the contract receipt, even though the agency (as asserted by appellant) is doing business with the applicant on a contingent percentage basis.

As above shown, section 1624 of the Labor Code provides that the contract or receipt should state the amount of fee charged and collected. The fact that the past-tense words "charged and collected" are used in the section does not necessarily mean that an amount must be stated only if the fee is paid before the applicant is sent for an interview. Of course, an amount might be charged but not collected. It might well be argued that the expression "The amount of fee charged and collected," as used in the section, should be interpreted as meaning that the amount of fee charged (even though not collected) should be stated in the contract, and that the amount of fee collected should be stated in the contract. In any event, section 11899 of the Administrative Code, which has been in effect several years (at least since 1949), has placed a definite interpretation upon said section 1624 of the Labor Code by providing (as above shown) in a precise form for such contract or receipt that the amount of fee to be stated in the contract or receipt should be stated in dollars.

It thus appears that the Legislature in enacting section 1624 of the Labor Code has said that the agency must state, in its contract or receipt, the amount of fee to be charged and collected, and this expression has been construed by the administrative agency for several years (as shown by the Administrative Code) as meaning that the amount of the fee should be stated in dollars, and this construction was approved by the Legislature several years ago in ratifying section 11899 of the Administrative Code.

Section 11899 of the Administrative Code as applied by the commissioner, or the said section as involved in any other respect in this action, is not unreasonable or arbitrary. In the present case there was ample evidence which would justify the adoption of such section of the Administrative Code. There was evidence to the effect that much time of the commissioner and his deputies was required in resolving, through difficult administrative hearings (at public expense), disputes between employees and employment agencies regarding agency fees based upon percentages. Also, there was evi-

dence that approximately a half million persons in 1962 used agencies in seeking employment, and that most of the patrons of the agencies did not understand percentage computations, especially the escalator type of percentage involved in many of the fee contracts. As above shown, a principal point asserted by the agencies, in objecting to the dollar method of stating the fee, is that the agencies lose a portion of their fee, under the dollar method, when the hiring wage is higher than the original amount offered by the employer. There was evidence, however, that the instances where a higher wage was received were very few in comparison with instances where a higher wage was not received. As stated in the commissioner's brief: ''The minimization of misunderstandings, claims and disputes between skilled professionals and their relatively unskilled clients is a valid public purpose.''

The letters of March 1, and 15, 1960, sent to the employment agencies were not unreasonable or arbitrary. It appears, as stated in effect by the commissioner at the trial, but in sending the letters he was not creating or revising or supplementing any statute or any Administrative Code regulation, but he was admonishing the agencies of the necessity of complying with the requirements of section 1624 of the Labor Code and section 11899 of the Administrative Code. The commissioner, in sending the letters, did not invade the province of the Legislature, or make a regulation as to agency fees. He acted reasonably and in the proper performance of his duty to enforce the law.

In view of the above conclusions, it is not necessary to discuss other contentions of appellant.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.